IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIO RIVERA DIAZ, et al.,

    Plaintiffs,

v.                            CIVIL NO. 98-2202 (RLA)

AMERICAN AIRLINES,

    Defendant.

## MINUTES OF SETTLEMENT CONFERENCE
## HELD ON AUGUST 25, 1999

At the SETTLEMENT CONFERENCE held on August 25, 1999 from 4:15 p.m. to 4:50 p.m. plaintiff was represented by RAFAEL A. OLIVERAS, ESQ. and defendant by ADRIADNA ALVAREZ, ESQ.

Defendant concedes that plaintiff is entitled to receive benefits under the early retirement provisions of the plan but is unable to do so until plaintiff submits an application which he has never done. Further, defendant questions our jurisdiction. ERISA requires the exhaustion of remedies, i.e., that the benefits be requested and denied prior to coming to court. Counsel for defendant indicated that she had provided opposing counsel with the pertinent application forms without any response.

Plaintiff's counsel advised that his client's failure to request benefits was due to the lack of notice as required by ERISA. Defendant argues, however, that the notice requirement is upon the Plan Administrator, not the employer and that defendant had attempted to give notice on two separate occasions.



Counsel for plaintiff indicated that his client had encountered mental problems after his termination from employment which explained the undue delay in showing any interest in early retirement benefits.

It is undisputed that plaintiff may receive benefits prospectively from the date he submits the application. Defendant advised that the retroactive payment of benefits was not possible under the plan. To do so would constitute a violation of its fiduciary duty and subject it to dismantling by IRS. However, plaintiff rejected any relief limited to prospective payments.

Given the impasse, the parties will submit their respective dispositive motions.

Plaintiff shall serve defendant his sur-reply, if warranted, **no later than September 15, 1999**. Defendant shall file the dispositive motion package **no later than September 20, 1999**.

Plaintiff's counsel shall provide opposing counsel with the last page of all his dispositive motions and responses served thus far which will be submitted with his **original** signature.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31 day of August, 1999.

RAYMOND L. ACOSTA
United States District Judge

AO 72
(Rev 8/82)