IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIO RIVERA DIAZ, et al.,

    Plaintiffs,

v.     CIVIL NO. 98-2202 (RLA)

AMERICAN AIRLINES,

    Defendant.

## ORDER DISMISSING COMPLAINT

This action was instituted by ANTONIO RIVERA-DIAZ and his daughter seeking retroactive payment of early retirement benefits for RIVERA-DIAZ as well as damages under both ERISA and the local torts provision. The Court having reviewed the documents in file hereby finds that plaintiffs have no viable claim and therefore, the complaint must be dismissed.

### BACKGROUND

Plaintiffs have consistently failed to comply with the procedural requirements of our Amended Standing Order regarding dispositive motions.[1] Therefore, defendant's Motion to Dismiss[2] stands unopposed.

---

[1] See Order issued on February 12, 1999 (docket No. 6); Omnibus Order issued on March 4, 1999 (docket No. 9); Order Setting Deadline for Service of Opposition to Motion to Dismiss, issued on June 1, 1999 (docket No. 13); Order issued on July 20, 1999 (docket No. 17) and Minutes of Settlement Conference Held on August 25, 1999 (docket No. 20).

[2] See also Reply... tendered on July 27, 1999. Leave to file the reply is **GRANTED**.



CIVIL NO. 98-2202 (RLA)                                               Page 2

The uncontroverted evidence in the file indicates that plaintiff RIVERA was discharged from employment with AMERICAN AIRLINES in **1991**.

RIVERA-DIAZ was vested under the plan as of the date of termination.

AMERICAN AIRLINES[3] sent RIVERA two notices of vested rights in 1993 and 1995 advising RIVERA of his eligibility to receive pension benefits. These notices were sent via regular first class mail. Apparently, due to abbreviations and/or errors in the mailing address plaintiff did not receive the aforementioned notices.

Plaintiff has never requested payment of benefits. The first time RIVERA-DIAZ requested payment of benefits was through these proceedings instituted in **1998**. Defendant concedes plaintiff is entitled to payment of benefits but limited to prospective payment and conditioned on plaintiff submitting the pertinent claim.

**MOTION TO DISMISS**

RIVERA's failure to make a claim under ERISA proves fatal to his complaint. See Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998) (ordinarily claimant must first exhaust plan's administrative remedies); See also Morais v. Cent. Beverage Corp. Employees' Supplemental Retirement Plan, 167 F.3d 709, 712 n.4 (1st Cir. 1999).

---

[3] Further, it is doubtful that AMERICAN AIRLINES, which is not the Plan Administrator, is the proper party defendant in this action. See i.e., Terry v. Bayer Corp., 145 F.3d at 35-6.

CIVIL NO. 98-2202 (RLA)                                              Page 3

---

Further, we agree with defendant's arguments that both the claims for benefits as well as those sounding in tort are time-barred. Additionally, there is no provision allowing for punitive damages under either ERISA or local law.

### CONCLUSION

Absent opposition and it appearing that defendant is entitled to judgment as a matter of law, defendant's Motion to Dismiss tendered on September 20, 1999[4] is hereby **GRANTED**. Accordingly, the complaint filed in this action is hereby **DISMISSED** based on the arguments presented by defendant.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 23rd day of September, 1999.

RAYMOND L. ACOSTA
United States District Judge

---

[4] The Motion Tendering Motion to Dismiss, filed on September 20, 1999 (docket No. **21**) is **GRANTED**.